## Smith v. Davis, Trustee, etc.

1. *Contracts—Appointment of Trustee, etc.—Parties.*—Where by the terms of a contract it is expressly provided that payments should be made to a trustee to be selected, by virtue of his selection such a trustee becomes entitled to demand the money and there is no reason why he should not be permitted to enforce the demand by suit.

2. *Contracts—Trustee—Capacity in Which He Acts.*—Where by the express terms of a contract the parties appoint an agent or trustee, and expressly agree to pay installments of money mentioned therein to him, it can not be urged that such a trustee is the trustee or agent for both parties in the management and disbursement of the moneys. It is the duty

of the parties to make the payments to the trustee, and they can not be permitted to omit doing so on the plea that in reference to the use of the money the trustee was required to regard certain other provisions of the contract intended for their protection.

3.  *Construction of Contracts.*—Where the parties to a contract employ language having a plain and ordinary meaning, it is not competent for the courts to destroy that meaning even though it may appear that in certain contingencies the result would be somewhat harsh or even unexpected; it is presumed that the parties fully considered all contingencies and if they did not that they intended to abide by the terms of the contract in any event.

4.  *Tender.*—Where, under the terms of a contract for the sale of real estate, payments were to be made, not to the owner of the land but to a trustee named in the contract, *it was held* that it would be proper for the trustee to make the tender of the deed. The payment of the money and the delivery of the deed being concurrent acts it would, of course, be expected that the person who is to receive the money should be ready to furnish the deed, though it had to be executed necessarily by the owner of the land.

**Memorandum.**—Assumpsit. Writ of error to the Circuit Court of McLean County to reverse a judgment entered by that court in favor of the plaintiff; the Hon. CHARLES R. STARR, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the case.

## PLAINTIFF'S BRIEF.

It is laid down as a general principle that the same individual can not be the agent of both parties. Hinckley v. Arey, 27 Me. 361; Greenwood v. Spring, 54 Barb. (N. Y.) 375.

Nor can an agent, in the same transaction, act for himself and his principal. Newendorff v. World Mutual Life Insurance Co., 69 N. Y. 389.

Nor can an agent interplead his principal and a third party. Snodgrass v. Butler, 54 Miss. 45; Adams v. Scales, 57 Tenn. 337.

The policy of law forbids, as conducive to fraud and inimical to fair dealing, the purchase by masters, trustees, executors, administrators, guardians, and all others at their own sales, and also all agents, who are concerned in the selling, whether such purchase be direct or indirect; and if

made, such sales are to be set aside on the application of parties interested. Rorer on Judicial Sales, second edition, Sec. 413, and cases cited.

Authority to sell does not show authority to receive payment. Clark v. Smith, 88 Ill. 298; Greenhood v. Meatox, 9 Brad. 183, and cases cited.

WILLIAM H. BEAVER, attorney for plaintiff in error.

KERRICK, LUCAS & SPENCER, attorneys for defendant in error.

OPINION OF THE COURT, the Hon. George W. Wall, Judge.

This was an action of assumpsit upon an instrument in writing similar to that involved in the case of Williams v. Davis, November term, 1891, of this court. To the declaration, as amended, a demurrer was interposed. The demurrer was overruled and the defendant failing to plead, further judgment was rendered against him for $262. The record is brought here by writ of error at the instance of the defendant.

It is first urged that there is no right of action in the plaintiff. By the contract it was expressly provided that the payments should be made to the trustee to be selected. By virtue of his appointment as trustee, the plaintiff became entitled to demand the money, and there is no reason why he should not be permitted to enforce the demand by suit. Nor is there anything in the point that he was in a certain degree agent or trustee for both parties in the management and disbursement of the funds. It was the duty of the subscribers, of whom defendant was one, to make the payments to him, and they can not be permitted to omit this duty on the plea that in reference to the use of the money he was required to regard certain provisions in the contract which were intended for their protection.

The citations as to the impropriety of one being an agent for both parties are inapplicable, and while there are many instances where the principles stated in the brief have been

laid down, it will be found that the circumstances of those cases are very different from the one at bar where, by express contract, the parties have appointed an agent or trustee, and have expressly agreed to pay the installments of purchase money to him. No further elaboration of this point is deemed necessary.

Equally untenable are the objections that the declaration fails to show that defendant agreed to the plan adopted for the selection of the lots, and that it does not appear that he was notified of the meeting of August 11th, when the lots were distributed among the subscribers. We think the averments are sufficient on both points.

It is urged the suit was prematurely brought. This position rests upon an incorrect view of the terms of the contract, which provided that $100 should be paid at or before the selection of the lot, $100 when the factory building was erected, and $50 one year after date; to wit, the date of the contract.

It appears by proper averments that all these contingencies have happened, and of course the several installments should bear interest from the dates when they were due, respectively. It is distinctly averred that the building was erected, and manufacturing operations had begun before March 1, 1891, and thus was accomplished what was obviously intended by the contract. Hence there is no hardship in construing the words " one year after date " according to their ordinary meaning, and there is no just occasion to seek a different construction based upon the supposed or supposable intentions of the parties in case the erection of the factory building had been delayed beyond one year from the date of the contract.

The argument drawn from a subsequent provision of the agreement, that within one year after starting the factory a certain quantity of manufactured goods should be produced and a certain number of hands should be employed, is, in our opinion, without force.

The language " one year after date " naturally and plainly means one year from the date of the contract, and it is a

perversion to say that it means one year from the completion of the building and the commencement of the operations of the factory.

Where parties employ language having a plain and ordinary meaning it is not competent for the courts to destroy that meaning, even though it may appear that in a certain contingency the result would be somewhat harsh or even unexpected.

It is to be presumed that the parties fully considered all contingencies, and if they did not, that they intended to abide by the terms of the contract in any event.

A further objection, made in the statement but not pressed in the argument, is that the trustee could not tender the deed, and that as no deed was tendered by the owners of the land, there was no right to demand the final payment. We understand that the deed referred to in the declaration was from the owner of the land and that the objection is, the tender must have been made by him and not by the plaintiff.

The payment was to be made, not to the land owner but to the plaintiff, the trustee; hence, it would be proper for the latter to make the tender. The payment of the money and the delivery of the deed being concurrent acts, it would of course be expected that the man who was to receive the money should be ready to furnish the deed, though it had been executed, necessarily, by the party owning the land.

No other objections are urged, and the judgment will be affirmed.